UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALVIA DUBOSE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>FLAGSTAR BANCORP, INC.,<br><br>    Defendant. | CASE NO.:<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

### I.　PRELIMINARY STATEMENT

1.　Plaintiff Alvia DuBose, individually and on behalf of all others similarly situated, files this Class Action Complaint against Defendant Flagstar Bancorp, Inc. Plaintiff alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

### II.　NATURE OF THE CASE

2.　This is a consumer class action based upon Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). Plaintiff brings this action on behalf of hundreds, if not thousands, of employment applicants who

1

have been the subject of Defendant's illegal practices under the Fair Credit Reporting Act.

3. Congress created heightened standards regulating the use of consumer reports for employment purposes. 15 U.S.C. § 1681b(b)(3). Under the FCRA, a person using a consumer report for employment purposes who intends to take any adverse employment action based in whole or in part on the report must provide the consumer with a "copy of the report" and a written description of the consumer's rights under the FCRA, before taking such adverse action. *Id*.

4. As the Federal Trade Commission has made clear, "a copy of the *complete* report must be made available." Federal Trade Commission Advisory Opinion to Willner, dated March 25, 1999 (emphasis added). "Information cannot be redacted in those instances in which the FCRA requires that the consumer be provided a copy of a consumer report." Federal Trade Commission Advisory Opinion to Vail, April 5, 1999.

5. This is one of the most fundamental protections afforded to employees under the FCRA. The purpose of this requirement is to allow prospective and current employees to know the complete personal information that is being reported about them, and to allow them an opportunity to clear up any inaccuracies or misstatements in the report and to address any misunderstandings the report may have created for the employer before the employer receives a supposedly "verified" report from a

third-party agency. For this reason, the FCRA is designed to provide employees/applicants with ample time to identify inaccuracies or misunderstandings in their consumer reports and correct or explain them before the employer has made an employment decision.

6. When an employer fails to comply with Section 1681b(b)(3), it causes a consumer to suffer a particularized and concrete injury in that they are deprived of their right to information before being denied employment. *See O'Donnell v. RCO Legal, P.S., Inc.*, No. 1:17-CV-02072-ELR, 2018 WL 1871946, at *4 (N.D. Ga. Mar. 22, 2018) (finding that plaintiff has Article III standing in Section 1681b(b)(3) case where defendant deprived plaintiff of her right to information before rescinding offer, even where information in consumer report is accurate).

7. Defendant systematically violates Section 1681b(b)(3) of the FCRA by using consumer reports to take adverse employment action without, beforehand, proving the person who is the subject of the report sufficient and timely notification and a copy of the complete report and summary of rights under the FCRA. Defendant's failure leaves the person who is the subject of the report without any meaningful opportunity to review the complete information that is being reported about them and to correct any errors on the report.

### III.  JURISDICTION & VENUE

8. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

9. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### IV.  PARTIES

10. Plaintiff is an adult individual who resides in Lithonia, Georgia.

11. Defendant regularly conducts business in this division and district, and it can be served via its registered agent, CSC-Lawyers Incorporating Service at 601 Abbot Road in East Lansing, MI 48823.

### V.  FACTUAL ALLEGATIONS

**A.  Defendant's Use of Background Screening Reports**

12. Defendant conducts background checks on applicants for employment.

13. Under the FCRA, a "user" of a consumer report, such as Defendant, who intends to take any "adverse action" against a job applicant "based in whole or in part" on information obtained from the consumer report must provide notice of that fact to the consumer job applicant, and must include with the notice "a copy of the report" and a notice of the consumer's dispute rights under the FCRA before taking the adverse action.  15 U.S.C. § 1681b(b)(3)(A).

14. The reasons for the "pre-adverse action notice" requirement with regard to employment situations are to alert the consumer job applicant that she is about to

4

experience an adverse action, such as a rejection, based on a report's contents, and to provide her an opportunity to challenge the accuracy, completeness or relevancy of the information with the consumer reporting agency or the user before that job or job prospect is lost.

15. But Defendant, when it intends to take any "adverse action" against a job applicant "based in whole or in part" on information obtained from the consumer report, does not provide notice of that fact to the consumer job applicant, and does not include with the notice a copy of the complete consumer report and a notice of the consumer's dispute rights under the FCRA before taking the adverse action.

**B.** **The Experience of Plaintiff**

16. On or about July 14, 2020, Defendant extended an offer to Ms. DuBose to join the company as a Loan Processor III in a work-from-home position in Georgia.

17. The offer was contingent on the successful completion of a background check and Ms. DuBose's anticipated start dates were August 3 or 10, 2020.

18. Ms. DuBose accepted the offer and authorized Defendant to procure a background check on her.

19. On August 6, 2020, Defendant emailed Ms. DuBose with questions about her background. At the time, Defendant did not provide Ms. DuBose with a

copy of her complete consumer report or notify her that it was contemplating taking an adverse action against her.

20. On August 12, 2020, Ms. DuBose emailed Defendant and requested a copy of her background check.

21. Defendant did not, and has not, responded to Ms. DuBose's request.

22. Now, more than a month later after Ms. DuBose's request and nearly two months after Ms. DuBose's expected start date, Defendant still has not provided Ms. DuBose with a complete copy of her consumer report, despite taking an adverse action against her based in whole or in part on the consumer report. Nor has Defendant moved forward with Ms. DuBose's employment, despite its offer of employment pending the results of the background check.

## VI. CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Class:

**The Pre-Adverse Action Class:**

All natural persons residing within the United States and its Territories about whom, (i) beginning five years prior to the filing of this Complaint and continuing through the conclusion of this action, (ii) were the subject of a consumer report used by Flagstar Bancorp, Inc. for employment purposes; (iii) were the subject of an adverse action by Flagstar Bancorp, Inc. based in whole or in part based on a consumer report, and (iv) were not provided with a copy of the complete report and/or a written summary of their rights under the FCRA.

24. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

25. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. Upon information and belief, Defendant makes employment decisions on hundreds, if not thousands, of consumers each year based on their consumer reports, and those persons' names and addresses are identifiable through documents maintained by Defendant.

26. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The common legal and factual questions include, among others, whether Defendant willfully violated section 1681b(b)(3) of the FCRA.

27. **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages as Class members, arising out of Defendant's common course of conduct.

28. **Adequacy. FED. R. CIV. P. 23(a)(4).** Plaintiff is an adequate representative of the Class. Her interests are aligned with and not antagonistic to, the interests of the members of the Class she seeks to represent, she has retained counsel competent and experienced in such litigation, and she intends to prosecute

this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the Class.

29. **Predominance and Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## VII.  CAUSES OF ACTION

### COUNT I

### 15 U.S.C. § 1681b(b)(3)

99. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

100. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

101. Defendant is a "person" and regularly uses background reports for employment purposes.  15 U.S.C. § 1681a(b).

102. The reports ordered by Defendant are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

103. The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer with a complete "copy of the report" and a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission, before taking any such adverse action. 15 U.S.C. § 1681b(b)(3)(A).

104. For purposes of this requirement, an "adverse action" includes "any … decision … that adversely affects any current or prospective employee."  15 U.S.C. § 1681a(k)(1)(B)(ii).

105. The FCRA requires Defendant, as a user of consumer reports for employment purposes, before taking adverse action based in whole or in part on the report, to provide to the consumer to whom the report relates, a copy of the report and a written description of the consumer's rights under the FCRA.  15 U.S.C. §§ 1681b(b)(3)(A)(i) and (ii).

106. Defendant willfully violated section 1681b(b)(3) of the FCRA by failing to provide consumers, including Plaintiff, the following *before* using such reports: (a) the required Pre-Adverse Action Notice; (b) a copy of the complete consumer report; and (c) a written description of the consumer's rights under the FCRA.

107. As a result of Defendant's willful violation of section 1681b(b)(3) of the FCRA, Plaintiff and Class Members are entitled to statutory damages of between $100 and $1,000, as well as punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

108. Plaintiff is entitled to recover attorneys' fees pursuant to 15 U.S.C. §1681n(a) or, alternatively, 15 U.S.C. 1681o(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief as follows:

A. An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B. An award of actual, statutory and punitive damages for Plaintiff and the Class;

C. An award of pre-judgment and post-judgment interest as provided by law;

D. An award of attorney's fees and costs; and

E. Such other relief as the Court deems just and proper.

## **TRIAL BY JURY**

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

DATE: September 16, 2020

        **WEINER & SAND LLC**

    By: /s/ Andrew Weiner
       Jeffrey B. Sand
       GA Bar No. 181568
       Andrew L. Weiner
       GA Bar No. 808278
       800 Battery Avenue SE
       Suite 100
       Atlanta, GA 30339
       T: 404.205.5029
       T: 404.254.0842
       F: 866.800.1482
       E: aw@atlantaemployeelawyer.com
       E: js@atlantaemployeelawyer.com

       *Attorneys for Plaintiff*